Chowdhury v. McHenry

BIA
A206 233 306

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27ᵗʰ day of January, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MD RAYHAN CHOWDHURY,
> *Petitioner,*

> v.                                                                          **22-6301**
>                                                                              **NAC**

JAMES R. MCHENRY III, ACTING
UNITED STATES ATTORNEY GENERAL,

*Respondent.**

_____

FOR PETITIONER:        Rayhan Chowdhury, pro se, East Elmhurst, NY.

FOR RESPONDENT:        Brian Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Nancy D. Pham, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Md Rayhan Chowdhury,† a native and citizen of Bangladesh, seeks review of a May 20, 2022, decision of the BIA denying his motion to reopen his removal proceedings. *In re Md Rayhan Chowdhury*, No. A 206 233 306 (B.I.A.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General James R. McHenry III is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

† "Md" is often used as an abbreviation for "Mohammad." The official documents relating to Chowdhury's immigration proceedings identify him as "Md Rayhan Chowdhury." In his hearing before the immigration judge, Chowdhury testified that he has never been known by the name "Mohammad" in any papers or even informally. To maintain consistency, we use the name used in the administrative files.

May 20, 2022).  We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the BIA's May 2022 decision denying the motion to reopen.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).  We review that decision for abuse of discretion.  *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

"[T]o prevail on a motion to reopen . . . where the persecution claim was previously denied based on an adverse credibility finding in the underlying proceedings, the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible."  *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020); *see also Kaur*, 413 F.3d at 234 ("[T]he evidence submitted by petitioner in support of her motion [to reopen] was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application.").

In Chowdhury's initial asylum request, he claimed that members of the Awami League, the ruling political party in Bangladesh, assaulted and threatened him because he was a member of and advocated for the Bangladesh Nationalist

3

Party ("BNP"), an opposition political party. An immigration judge identified numerous inconsistencies in Chowdhury's story and denied his asylum request on the ground that he was not credible. The BIA dismissed Chowdhury's appeal of this denial. In filing the motion to reopen at issue here, Chowdhury indicates that the factual basis for his fear is different than what he advanced in his initial claim. By way of explanation, Chowdhury alleges that he was threatened by Awami League activists and Bangladesh government officials for protesting the prime minister of Bangladesh in 2019. He also claims that in 2020 police visited his parents' home in Bangladesh to warn against further protests of the Awami League.

The BIA did not abuse its discretion by concluding that Chowdhury's motion was not independent of his prior asylum claim and did not present evidence sufficient to overcome the earlier adverse credibility determination. The BIA correctly determined that Chowdhury's new allegations were an extension of his prior discredited asylum request because both were based on his fear of persecution from the Awami League. The BIA also reasonably concluded that the evidence Chowdhury presented—principally affidavits from his parents in

4

Bangladesh—was of minimal persuasive value and, even if accepted, would not address or resolve the underlying credibility issue. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness); *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (deferring to agency's decision to rely on prior adverse credibility determination in evaluating authenticity of document submitted in support of reopening). Accordingly, the BIA was within its discretion to deny Chowdhury's motion to reopen his removal proceedings.

For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court